DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
Nevada State Bar 13760
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-5089
Cristina.silva@usdoj.gov

FILED

2016 OCT 11   AM 11: 21

U.S. MAGISTRATE JUDGE

BY_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>**JASON GOLDSBY,<br>RUDY REDMOND, and<br>KAILI TUALAU,**<br><br>            Defendants. | **COMPLAINT**<br><br>**Magistrate No.**   2:16-mj-0695-PAL<br><br>**VIOLATIONS:**<br>18 U.S.C. § 1951(a) – *Interference with Commerce by Robbery Conspiracy*; 18 U.S.C. § 924(c)(1)(A) – *Use and Carry of Firearm in Relation to a Crime of Violence*; 18 U.S.C. § 1951 – *Interference with Commerce by Robbery*; and 18 U.S.C. § 2 – *Aiding and Abetting.* |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned Complainant, being duly sworn, deposes and states:

### Count One
*(Conspiracy to Interfere with Commerce by Robbery)*

On or about October 7, 2016, in the State and Federal district of Nevada,

**JASON GOLDSBY,
RUDY REDMON, and
KAILI TUALAU,**

defendants herein, did agree and conspire together and with other individuals, known and unknown, to unlawfully obstruct, delay, or affect interstate commerce, as that term

1

is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain property, consisting of jewelry, gems and other property from the EZ Pawn store located at 36 Horizon Ridge Parkway, Henderson, Nevada; a business that affects interstate commerce, from the persons of employees of that business, against their will, by means of actual or threatened force or violence; all in violation of Title 18, United States Code, Section 1951.

**Count Two**
*(Interference with Commerce by Robbery)*

On or about October 7, 2016, in the State and Federal district of Nevada,

**JASON GOLDSBY,**
**RUDY REDMON, and**
**KAILI TUALAU,**

defendants herein did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain property, consisting of jewelry, gems and other property from the 36 Horizon Ridge Parkway, Henderson, Nevada; a business that affects interstate commerce, from the persons of employees of that business, against their will, by means of actual or threatened force or violence; all in violation of Title 18, United States Code, Section 1951; and Title 18, United States Code, Section 2.

. . .

2

## Count Three
*(Brandishing a Firearm in Furtherance of a Crime of Violence)*

On or about October 7, 2016, in the State and Federal district of Nevada,

**JASON GOLDSBY,**
**RUDY REDMON, and**
**KAILI TUALAU,**

defendants herein, during and in relation to a crime of violence alleged in Count Two of this complaint, knowingly and intentionally used and carried a firearm, and said firearm was brandished. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (ii) and Title 18, United States Code, Section 2.

1.    Your Complainant is a Special Agent with the Federal Bureau of Investigation (FBI) currently assigned to the Las Vegas, Nevada Division, and has been so employed for over seven (7) years. Prior to this, he was employed for over five (5) years as a Deputy Sheriff and Detective with the Orange County, Florida Sheriff's Office. As an FBI Agent, your Complainant is assigned to the FBI's Las Vegas Safe Streets Task Force and is responsible for investigating a variety of violent crime and fugitive cases, to include bank robbery, kidnapping, interstate threats, extortion, robbery, carjacking, assault and murder of Federal Officers.

2.    The following information contained within this criminal complaint is based upon your Complainant's participation in this investigation or was provided to him by other law enforcement personnel. All times noted are approximate.

### FACTS ESTABLISHING PROBABLE CAUSE

3.    On October 7, 2016, a task force of law enforcement personnel were conducting surveillance of a group of suspected armed robbers. This group had been

3

identified during the course of an extensive investigation which began in early-March 2016. Investigators suspected this robbery crew was connected to a series of armed smash and grab robberies which had targeted the jewelry inventory at EZ Pawn stores in the greater Las Vegas metropolitan area. At approximately 3:30 p.m., surveillance officers followed the group as they drove a stolen Honda sedan and a Cadillac Escalade to the area of the EZ Pawn store located at 36 Horizon Ridge Parkway in Henderson, Nevada.

4. Officers watched as the Cadillac Escalade parked in a business across the street from the EZ Pawn store, while the stolen Honda was driven into the parking area of the EZ Pawn store. The Honda stopped in front of entrance to the store and two men wearing masks exited the passenger side of the vehicle. One of the men appeared to be holding a handgun, the other man was carrying what appeared to be a sledgehammer and a plastic storage container. Less than a minute after entering the store, the men re-entered the vehicle which drove off heading north through the parking lot.

5. Simultaneously, the Cadillac was observed turning northbound on to Horizon Ridge Parkway where it appeared to block the flow of traffic so that the stolen Honda could turn on to Horizon Ridge Parkway without obstruction. Both vehicles were surveilled continuously to a residential area north of the EZ Pawn, where they were abandoned and the occupants began fleeing on foot. One of the men exiting the stolen Honda, was observed carrying what appeared to be a plastic storage container. Three men were subsequently apprehended at or a short distance from the stolen Honda and one man was arrested after exiting the Cadillac Escalade.

4

6. The three men arrested after exiting the Honda were identified as minor D.P. (driver), RUDY REDMON and KAILI TUALAU (passengers). The man arrested at the Cadillac was identified as JASON GOLDSBY. In the area where the Honda occupants were taken in to custody, officers located plastic storage container filled with various jewelry items.

7. Officers conducted a search of the stolen Honda sedan pursuant to probable cause. During this search they located, among other things, a Jimenez Arms, .380 caliber pistol bearing serial number 341575, masks and gloves.

8. Investigators reviewed surveillance footage from inside the EZ Pawn store and confirmed that the business had been robbed. The footage depicts two men entering the store wearing masks; one man is carrying a small handgun, the other is carrying sledgehammer and a plastic storage container. Based on clothing they were wearing and their physical build, the man with the handgun can be identified as REDMON and the other man can be identified as TUALAU. REDMON can be seen brandishing the handgun at various employees and customers in the store, while REDMON begins smashing the jewelry cases. After the cases are smashed open, TUALAU takes the jewelry out of the cases and puts it in the plastic storage container. Thereafter, both men can be seen exiting the store. The entire episode unfolds in approximately 30 seconds.

9. EZ Pawn representatives identified the jewelry items found in the recovered plastic storage container as the same jewelry items which had been stolen during the robbery.

5

10.    RUDY REDMON was interviewed by Detectives in a post-*Miranda* setting. During this interview, he admitted to participating the above described robbery and confirmed that he was the man who was seen carrying the handgun. REDMON further admitted that the robbery was masterminded by JASON GOLDSBY and that he was due to receive the bulk of the proceeds.

11.    D.P. was interviewed by Detectives in a post-*Miranda* setting. During this interview, he admitted to participating in the above described robbery along with GOLDSBY, REDMON and TUALAU. He stated that his role was drive the stolen car which was used as the getaway vehicle. D.P. also stated that GOLDSBY had planned the robbery and was due to receive most of the proceeds.

12.    In your Complainant's training and experience, he knows that EZ Pawn is a business that operates in interstate commerce as that term is defined in 18 U.S.C. § 1951. As a result of the aforementioned robbery, the EZ Pawn was closed for several hours, therefore preventing the store from engaging in interstate business and commercial activities. Furthermore, it is your Complainant's opinion that the precious metals and gems which comprise the jewelry that was stolen in this robbery are commodities which are often transacted in interstate commerce.

. . .

. . .

. . .

6

## CONCLUSION

12.    Based on the above facts and circumstances, your Complainant believes there is probable cause that **JASON GOLDSBY, RUDY REDMON, and KAILI TUALAU**, did commit violations of 18 U.S.C. § 1951(a) – *Interference with Commerce by Robbery Conspiracy*; 18 U.S.C. § 924(c)(1)(A) – *Brandishing a Firearm in Relation to a Crime of Violence*; 18 U.S.C. § 1951 – *Interference with Commerce by Robbery*; and 18 U.S.C. § 2 – *Aiding and Abetting*.

Respectfully submitted,

Christopher W. McPeak, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me
This __11th__ day of October, 2016

UNITED STATES MAGISTRATE JUDGE